IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CRIMINAL ACTION NO. 14-- 27- UNA |
| EDWARD STURGIS, | : |
| a/k/a "Von" a/k/a "Repo," | : |
| ROBERT INGRAM, | : |
| WILLIAM CHAPMAN, | : |
| a/k/a "Dale," a/k/a "Uncle Delly" | : |
| DESHAWN GROCE, | : |
| a/k/a "Deshawn Friend" | : |
| TYSHI HAZZARD, | : |
| Defendants. | : |

**REDACTED**

## SUPERSEDING INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE
(Conspiracy to Sponsor a Dog in an Animal Fighting Venture)

1. Beginning on or about January 17, 2014, and continuing through on or about February 19, 2014, in Kent County in the District of Delaware and elsewhere, the Defendants

EDWARD STURGIS,
a/k/a "Von" a/k/a "Repo"
ROBERT INGRAM,
WILLIAM CHAPMAN,
a/k/a "Dale," a/k/a "Uncle Delly"
DESHAWN GROCE,
a/k/a "Deshawn Friend" and
TYSHI HAZZARD

(hereinafter, collectively the "Defendants") combined, conspired, confederated and agreed together, and with other persons known and unknown to the Grand Jury, to knowingly and unlawfully commit an offense against the United States, to wit, Sponsoring a Dog in an Animal

Fighting Venture, in violation of Title 7, United States Code, Sections 2156(a)(1) and (b), and Title 18, United States Code, Section 49.

## MANNER AND MEANS

2. It was part of the conspiracy that the Defendants bought, sold, possessed, trained, transported, delivered, and received fighting dogs, to include pit bulls, for participation in dogfighting ventures, in the District of Delaware and elsewhere.

3. It was part of the conspiracy that the Defendants selected locations for breeding, housing and training fighting dogs, to include pit bulls, involved in the dogfighting ventures and for conducting dogfights.

4. It was also part of the conspiracy that the Defendants traveled in interstate commerce to acquire fighting dogs, to include pit bulls, and other dogs bred for fighting for use in dogfighting ventures, including those where money was wagered on the fighting dogs, and to, in fact, participate in dogfighting ventures.

## OVERT ACTS

5. In furtherance of the conspiracy, the Defendants, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the District of Delaware:

    a. On or about January 17, 2014, Defendant **TYSHI HAZZARD** called **EDWARD STURGIS** to discuss plans for an up-coming dogfighting venture involving a pit bull named "Little Mama," owned at the time by Defendant **EDWARD STURGIS**.

    b. On or about January 18, 2014, **EDWARD STURGIS** received a call from **WILLIAM CHAPMAN**. During that call **STURGIS** told **CHAPMAN**, "I am gonna take 'Little Mama' out tomorrow."

c. On or about January 20, 2014, Defendant **ROBERT INGRAM** called Defendant **EDWARD STURGIS** to discuss the time of the dogfighting venture scheduled to take place later that day. Thereafter, Defendants **EDWARD STURGIS** and **WILLIAM CHAPMAN** agreed to meet and to travel together with **EDWARD STURGIS'** dog, "Little Mama," to attend the dogfighting venture.

d. On or about January 20, 2014, Defendants **EDWARD STURGIS**, **TYSHI HAZZARD** and **WILLIAM CHAPMAN** traveled to a specific location in Felton, Delaware, a place known to the Grand Jury, for the purpose of participating in a dogfighting venture. Thereafter, Defendants **EDWARD STURGIS**, **TYSHI HAZZARD** and **WILLIAM CHAPMAN** did in fact participate in a dogfighting venture.

e. On or about January 26, 2014, **EDWARD STURGIS** called an unknown male in an attempt to sell **STURGIS'** fighting dog, "Little Mama," to raise money.

f. On or about January 28, 2014, Defendant **EDWARD STURGIS** called Defendant **WILLIAM CHAPMAN** and told **WILLIAM CHAPMAN** that Defendant **TYSHI HAZZARD** was trying to arrange a dogfight between Defendant **EDWARD STURGIS'** dog and a dog belonging to another individual.

g. In response, Defendant **EDWARD STURGIS** asked Defendant **WILLIAM CHAPMAN** to put the dogfight together. Defendant **WILLIAM CHAPMAN** determined the fight would be held on March 8, 2014. **EDWARD STURGIS** then told Defendant **WILLIAM CHAPMAN** to find a spot for **EDWARD STURGIS'** dog to compete in the dogfighting venture.

   h. On or about February 2, 2014, Defendant **WILLIAM CHAPMAN** spoke to Defendant **DESHAWN GROCE** regarding the sale of "Little Mama." Thereafter, Defendant **DESHAWN GROCE** did in fact purchase "Little Mama" from Defendant **EDWARD STURGIS** for a sum of money.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Sponsoring a Dog in an Animal Fighting Venture and Aiding and Abetting)

6. Paragraphs 1 – 5 of this Superseding Indictment are incorporated here.

7. Beginning on or about January 17, 2014, and continuing through on or about January 20, 2014, in Kent County in the District of Delaware and elsewhere, the Defendants

**EDWARD STURGIS,**
*a/k/a "Von" a/k/a "Repo"*
**ROBERT INGRAM,**
**WILLIAM CHAPMAN,**
*a/k/a "Dale," a/k/a "Uncle Delly"*
**and TYSHI HAZZARD**

did knowingly sell, buy, possess, train, transport, deliver and receive, and aided and abetted the sale, purchase, training, transportation, delivery, and receipt of any animals, to wit, dogs, for the purpose of having the animals participate in an animal fighting venture, as that term is defined in Title 7, United States Code, Section 2156(g)(1), in and affecting interstate commerce.

In violation of Title 7, United States Code, Sections 2156(a)(1) and (b), and Title 18, United States Code, Sections 2 and 49.

## COUNT THREE
### (Sponsoring a Dog in an Animal Fighting Venture and Aiding and Abetting)

8. Paragraphs 1 – 5 of this Superseding Indictment are incorporated here.

9. Beginning on or about January 26, 2014, and continuing through on or about February 19, 2014, in Kent County in the District of Delaware and elsewhere, the Defendants

**EDWARD STURGIS,**
*a/k/a "Von" a/k/a "Repo"*
**WILLIAM CHAPMAN, and**
*a/k/a "Dale," a/k/a "Uncle Delly"*
**DESHAWN GROCE,**
*a/k/a "Deshawn Friend"*

did knowingly sell, buy, possess, train, transport, deliver and receive, and aided and abetted the sale, purchase, training, transportation, delivery, and receipt of any animals, to wit, dogs, for the purpose of having the animals participate in an animal fighting venture, as that term is defined in Title 7, United States Code, Section 2156(g)(1), in and affecting interstate commerce,

In violation of Title 7, United States Code, Sections 2156(a)(1) and (b), and Title 18, United States Code, Sections 2 and 49.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

CHARLES M. OBERLY, III
UNITED STATES ATTORNEY

BY: _____
Mark M. Lee
Assistant United States Attorney

Dated: May 15, 2014

5